FILED
CLERK, U.S. DISTRICT COURT

JAN 14 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANDREW NAVA,<br><br>  Petitioner,<br><br>vs.<br><br>MICHAEL KNOWLES, WARDEN,<br><br>  Respondent. | CASE NO. ED CV 07-00096 PA (RZ)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendations of the Magistrate Judge.

DATED: January 10, 2008

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

FILED
CLERK, U.S. DISTRICT COURT
DEC 10 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANDREW NAVA,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>MICHAEL KNOWLES, WARDEN,<br><br>　　　　　Respondent. | CASE NO. ED CV 07-00096 PA (RZ)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　　　Pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California, the undersigned submits this Report and Recommendation to the Honorable Percy Anderson, United States District Judge. The undersigned recommends that the Court deny the Petition and dismiss the action with prejudice.

　　　　　Petitioner Jose Nava stands convicted of first degree murder. The California Court of Appeal affirmed his conviction, and the California Supreme Court denied his Petition for review. Having thus exhausted his claims in the state court, he now brings this Petition for a writ of habeas corpus under 28 U.S.C. § 2254. Under that statute, the Court may not grant a writ unless the state court's determination was contrary to clearly established federal law, as determined by the U.S. Supreme Court, or an unreasonable application of such law, or an unreasonable determination of the facts. 28 U.S.C. § 2254.

The statute assumes that the facts found by the state courts are accurate, and Petitioner has not rebutted that presumption, by clear and convincing evidence. 28 U.S.C. § 2254(e); *see also Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2001) (presumption of correctness applies to findings of state appellate courts as well as to trial courts.) Thus, Petitioner cannot prevail under a theory that the California courts unreasonably determined the facts. 28 U.S.C. § 2254(d)(2). If he is to prevail at all, then, it must be upon a showing that the California courts acted contrary to, or misapplied, clearly established federal law.

Petitioner's first claim is that he was denied his right to counsel of his choice, and thereby deprived of due process of law. Petitioner had insisted on compliance with the speedy trial requirements but then, on the day set for trial, requested a continuance so that he could change from one retained counsel to another. The trial court questioned counsel, Petitioner, and the proposed new counsel. (Reporter's Transcript ("RT") 2-11.) The trial court noted that a jury was waiting and that there was a witness list of 27 witnesses who had been subpoenaed or ordered back. Petitioner's counsel affirmed that he was ready to try the case. The trial court invited an explanation from both Petitioner and the proposed new counsel, but rejected the general, vague statement that more investigation might be needed. When the proposed new counsel then intimated that there might be a need for further background check of the principal witness as to his potential gang affiliations, the prosecutor confirmed that the witness had no rap sheet and no gang affiliations, that all discovery had been provided to Petitioner, and that Petitioner's current counsel had had an opportunity to cross-examine the witness at the preliminary hearing. When Petitioner himself discussed an issue about something he saw differently from his counsel — briefly discussed, because the Court did not want to get into the merits of the case — it became clear that it was a tactical issue for counsel to decide, and that the matter in fact had been considered by counsel. The trial court felt that, under the circumstances, Petitioner seemed to be seeking a continuance for delay (RT 6:6-9); ultimately, the trial court denied the motion for continuance on the grounds that it was untimely. (RT 11:6-7.)

This decision was neither contrary to federal law nor an unreasonable application of federal law, as determined by the Supreme Court. While it is true that the improper denial of counsel of choice is a structural error, which requires no showing of prejudice, *see United States v. Gonzalez-Lopez*, ___ U.S. ___, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006), the right to counsel of choice is not absolute and, in the context of a motion to continue, choice is not the only consideration. Federal law on the subject of continuances is that described in *Morris v. Slappy*, 461 U.S. 1, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983) and *Ungar v. Sarafite*, 376 U.S. 575, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964). In *Morris*, the Supreme Court, reversing the Ninth Circuit, held that it was not error to deny a continuance so that the defendant could be represented by the public defender who had been assigned to his case originally, who was ill at the time of trial. In *Ungar*, the Supreme Court held that a defendant charged with contempt was not denied due process by the denial of a continuance for the contempt hearing, when the facts showed that the defendant had sufficient time to obtain counsel. The essence of both cases appears in the following discussion captured in *Ungar*:

> The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. [ ] Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. [ ] There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. [ ]

*Ungar*, 376 U.S. at 589-90 (citations omitted). Both the trial court and California Court of Appeal followed an analysis in conformity with this principle of law. Hence, they did not act contrary to federal law, as enunciated by the Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

Nor did they misapply federal law. The trial court did not reject the request out of hand, but engaged in careful questioning and assessment of the reasons presented for the continuance. This was not a "myopic insistence upon expeditiousness in the face of a justifiable request for delay," *Ungar, supra*, but a careful review of the circumstances of the case and the request for continuance. The jurors had been assembled and the witnesses subpoenaed, counsel and the Court were ready to proceed, no valid conflict between counsel and Petitioner was demonstrated, and new prospective counsel had only just been contacted. As the Supreme Court noted in *Morris v. Slappy*, "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." 461 U.S. at 11-12, *quoting Ungar, supra,* 376 U.S. at 589. For this Court to find that the California courts misapplied clearly established federal law, it must be shown that the trial court's application was "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The decision by the California courts instead was reasonable, and could not in any way be said to be objectively unreasonable.

Petitioner's second claim is that the trial court denied him his right to present a defense when it excluded evidence of the decedent's level of intoxication. Petitioner wished to introduce such evidence to impeach the testimony of the state's primary witness. (Petition at 5.) Petitioner's theory seemed to be that the witness and the decedent had been drinking together before the shooting, and that evidence of the decedent's level of intoxication would reflect on the witness' level of intoxication, and thus on his reliability in identifying Petitioner as the shooter.

The California Court of Appeal agreed with the trial court that the proferred evidence would be speculative at best. (Lodgment No. 6 at 10-13.) This decision was

neither contrary to federal law nor a misapplication of that law. Only in a limited context has the Supreme Court found that the exclusion of evidence violates due process — cases in which the excluded evidence is both highly reliable and relevant to the defense or where the application of the evidentiary rule in question is not rationally related to its intended purpose. *Green v. Georgia*, 442 U.S. 95, 97, 99 S. Ct. 2150, 60 L. Ed. 2d 738 (1979); *Chambers v. Mississippi*, 410 U.S. 284, 300-302, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973). Here the California Court of Appeal clearly was right: inferring the witness' level of intoxication from the decedent's would in fact have been speculative, and certainly not reliable.

Petitioner's third claim is that he was denied due process because there was no valid evidence to support the gang allegation. Petitioner's twenty-five-year-to-life sentence was enhanced by ten additional years, based on the jury's finding that the offense was gang related. Petitioner says that the evidence the prosecutor relied on was the gang expert's speculative opinion. (Petition, ¶ 10(c).) The Court disagrees that this claim offers any basis for relief here.

The standard for evaluating a constitutional claim of sufficiency of the evidence is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (emphasis in original). All evidence must be considered in the light most favorable to the prosecution. *Id.* This standard is applied to the substantive elements of the criminal offense defined by state law. *Id.*, 443 U.S. at 324. This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*, 443 U.S. at 319.

To establish sufficient evidence, the prosecution need not affirmatively "rule out every hypothesis except that of guilt." *Id.*, 443 U.S. at 326. Moreover, a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact

resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.*, 443 U.S. at 326. Even where evidence is almost "entirely circumstantial and relatively weak," it may be sufficient to support a conviction. *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000).

The California courts' decision rejecting this claim was not objectively unreasonable. Expert testimony is admissible to explain circumstances that are beyond the experience of jurors, and the gang expert testimony here was appropriate. What Petitioner labels as "speculative" in fact was proper expert opinion, which the jury could accept or reject. The testimony of the experts about actions that could be interpreted as signs of disrespect within the gang culture, about how gang members benefit from turf wars, and about how gangs intimidate other gangs, was the proper subject of expert testimony. From such testimony, the jury could draw reasonable inferences about the conduct of Petitioner, that his actions were intended to benefit a gang and otherwise fit within the statute's command. At the very least, the Court cannot say that the California court's conclusion was objectively unreasonable. *See Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005) (AEDPA deference standard applies to state court's sufficiency-of-the-evidence finding).

Since none of Petitioner's three claims meets the statute's requirements for habeas relief, the Petition should be denied. Accordingly, IT IS RECOMMENDED that the Court accept this Report, deny the Petition, and dismiss the action with prejudice.

DATED: December 7, 2007

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE